IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOSHUA HARRIS and DONITA OLDS, on behalf of Plaintiffs and the class members described herein,<br><br>          Plaintiffs,<br><br>     v.<br><br>W6LS, INC., doing business as WithU and WithU Loans;<br>CALIBER FINANCIAL SERVICES, INC., and DOES 1-20<br><br>          Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)   Case No. 1:23-CV-16429<br>)<br>)   Hon. Lindsay C. Jenkins<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**SPECIALLY-APPEARING DEFENDANTS' MOTION TO
STAY CASE PENDING RULING ON PETITION FOR WRIT OF
CERTIORARI TO THE SUPREME COURT OF THE UNITED STATES**

Specially-appearing[1] Defendants W6LS, Inc., and Caliber Financial Services, Inc., (collectively as "Defendants"), by and through counsel, and pursuant to the Court's inherent authority, move the Court for an Order staying the case, including all deadlines and proceedings, pending ruling on Defendants' forthcoming petition for writ of certiorari to the Supreme Court of the United States. Under Supreme Court Rule 13 Defendants have 90 days after the entry of judgment to file a petition for writ of certiorari. The Seventh Circuit Court of Appeals issued its opinion affirming the order of the district court denying Defendants' motion to compel arbitration on June 5, 2026. *See* Case No. 24-2056, Dkt. 58. Therefore, pursuant to Supreme Court Rule 13 Defendants' deadline to file a petition for writ of certiorari is September 3, 2026.   Counsel for

---

[1] In filing this Motion, the specially-appearing Defendants do not waive and expressly reserve their ability to challenge this Court's subject matter jurisdiction due to Defendants' sovereign immunity from suit.

Defendants conferred with counsel for Plaintiffs regarding Defendants' Motion for Stay Pending Ruling on the Petition for Writ of Certiorari and Plaintiffs do not agree to this Motion.  In support of their Motion, Defendants state as follows:

1.      On June 5, 2026, the Seventh Circuit Court of Appeals issued its opinion affirming the order of the district court denying Defendants' motion to compel arbitration. *See* Case No. 24-2056, Dkt. 58.

2.      Under Supreme Court Rule 13 Defendants can seek a petition for writ of certiorari with the Supreme Court of the United States by timely filing said petition on or by September 3, 2026.

3.      Accordingly, Defendants are in the processing of drafting and then filing said petition for writ of certiorari by September 3, 2026.

4.      Based on the docket entry entered on June 17, 2026, Defendants' answer is now due on June 30, 2026. Dkt. 52.

5.      A stay of the case including all deadlines and proceedings pending ruling on the petition for writ of certiorari is appropriate.  Plaintiffs will not be unduly prejudiced by the stay, a stay will simplify the issues, and a stay will reduce the burden of litigation on the parties and on the Court.

6.      Further, Defendants also intend to file a pre-answer dispositive motion on tribal sovereign immunity if the petition for writ of certiorari is denied. Defendants are wholly-owned economic arms of the Otoe-Missouria Tribe of Indians, a federally recognized Indian Tribe, entitled to sovereign immunity from unconsented judicial process.  Requiring Defendants to file an answer and participate in discovery and litigate the merits while their petition for writ of certiorari is pending is not only harmful to judicial economy, but also infringes upon Defendants'

2

sovereign rights. *Mestek v. LAC Courte Oreilles Cmty. Health Ctr.*, 72 F.4th 255, 259 (7th Cir. 2023) (enforcing tribal sovereign immunity through pre-answer motion to dismiss); *Breakthrough Mgmt. Grp., Inc. v. Chukchansi Gold Casino & Resort*, 629 F.3d 1173, 1190 n.11 (10th Cir. 2010) ("Requiring the party challenging the denial of jurisdictional discovery to prove prejudice is particularly fitting when a party has challenged the district court's subject matter jurisdiction on immunity grounds. In that context, we have concerns about burdening the potentially sovereign party with discovery").

WHEREFORE, Defendants respectfully request that the Court grant this motion, stay the case, including all deadlines and proceedings, pending ruling on Defendants' forthcoming Petition for Writ of Certiorari, and grant such further relief as the Court deems just and proper.

Respectfully submitted,

W6LS, INC. AND CALIBER FINANCIAL
SERVICES, INC.


By: /s/ *Paul Croker*
　　　Andrew D. Campbell (#6269494)
　　　ARMSTRONG TEASDALE LLP
　　　100 North Riverside Plaza
　　　Chicago, IL 60606
　　　Phone: 312-419-6900
　　　*acampbell@atllp.com*

　　　Paul Croker (Admitted *pro hac vice*)
　　　ARMSTRONG TEASDALE LLP
　　　2345 Grand Boulevard
　　　Suite 1500
　　　Kansas City, Missouri 64108-2617
　　　Phone: 816-221-3420
　　　*pcroker@atllp.com*

## <u>CERTIFICATE OF SERVICE</u>

Paul Croker, an attorney, certifies that he caused copies of the foregoing **Specially-appearing Defendants' Motion to Stay Case Pending Ruling on Petition for Writ of Certiorari** to be served on all parties who have appeared of record by electronically filing the document with the Clerk of Court using the ECF system this 26th day of June 2026.

*/s/ Paul Croker*